FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 21, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES ALEXANDER and KELLI ALEXANDER, husband and wife,<br><br>    Plaintiffs,<br><br>    v.<br><br>MUTUAL OF OMAHA RISK AND INSURANCE SOLUTION SERVICES INC, MUTUAL OF OMAHA MARKETING CORPORATION, and MUTUAL OF OMAHA INSURANCE COMPANY,<br><br>    Defendants. | No. 2:24-CV-00426-SAB<br><br>**ORDER GRANTING MOTION TO AMEND; REMANDING TO STATE COURT** |

Before the Court is Plaintiffs' Motion to Amend Pleadings and Remand to State Court, ECF No. 24. Plaintiffs are represented by F. Dayle Andersen, Jr., Heather Barden, and Dylan L. Good. Defendants are represented by Laura T. Morse and Sarah E. Swale. The Motion was considered without oral argument.

## Background

Plaintiff James Alexander was employed by Defendants to sell insurance and related financial products. Plaintiffs assert Mr. Alexander was fired by Defendants in retaliation for him reporting sexual discrimination and harassment.

**ORDER GRANTING MOTION TO AMEND; REMANDING TO STATE COURT \* 1**

This case was originally filed in Spokane County Superior Court and Defendants removed the matter to this Court on December 19, 2024.

Plaintiffs conducted a deposition of listed witness Brian Briggs shortly after the passing of the November 20, 2025, deadline to amend pleadings and add parties. During this deposition, Plaintiffs assert they discovered new information about two employees of Defendants, Jason Falk and Lauren McNally, who allegedly made defamatory and slanderous statements against Plaintiff James Alexander. In their motion, Plaintiffs assert these individuals tortiously interfered with Mr. Alexander's business relationship with Defendants, resulting in the termination of his employment contract with Defendants.

Plaintiffs now request the Court grant leave to amend their first amended complaint with the Proposed Second Amended Complaint accompanying their motion, joining two new Defendants to the case. One of those Defendants, Jason Falk, is a resident of Washington.[1] Plaintiffs are residents of Washington, and the existing Defendants are incorporated in Nebraska. Thus, in adding Mr. Falk as a Defendant, Plaintiffs assert this Court's jurisdiction over the matter would be destroyed and a remand to state court would be warranted.

Defendants argue amendment and remand is improper here, as Plaintiffs had time prior to the passing of the November 20, 2025, deadline to amend pleadings and add parties to conduct the deposition of Brian Briggs, as he has been in communication with Plaintiffs since late 2023 regarding the case. Plaintiffs do not dispute Mr. Briggs involvement in the case since that time, but assert it was not until his deposition that they discovered this new information.

---

[1] The other proposed Defendant, Lauren McNally, is diverse for the purposes of diversity jurisdiction. Her inclusion in the matter is not at issue regarding the potential remand to state court.

**ORDER GRANTING MOTION TO AMEND; REMANDING TO STATE COURT * 2**

### Standard

Fed. R. Civ. P. 15(a)(2) states that "a party may amend its pleading only with the opposing party's written consent or the [C]ourt's leave. The [C]ourt should freely give leave when justice so requires." In the Ninth Circuit, requests for leave should be granted with extreme liberality. *Moss v. U.S. Secret Serv.*, 572 F. 3d 962, 972 (9th Cir. 2009) (quotation omitted). This includes requests following scheduling order deadlines, absent bad faith, undue delay, futility, prejudice to the opposing party, or a repeated failure to cure deficiencies. *See Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

If a complaint is amended to add a non-diverse party following removal of the matter to federal court on the basis of diversity jurisdiction, the federal court must remand the matter to state court as it no longer has jurisdiction over the case. *Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 231-32 (2007).

### Analysis

There is no clear evidence that Plaintiffs made this motion in bad faith. Plaintiffs moved for amendment shortly after discovering new evidence. As amendments are to be granted liberally, Plaintiffs' Motion to Amend is **granted**. With this amendment, this Court no longer has jurisdiction over the matter due to the presence of non-diverse parties, and the matter is **remanded** to state court.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion to Amend Pleadings and Remand to State Court, ECF No. 24, is **GRANTED**.

//
//
//
//
//
//

**ORDER GRANTING MOTION TO AMEND; REMANDING TO STATE COURT * 3**

2. The above-captioned case is **remanded** to Spokane County Superior Court.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 21st day of January 2026.



Stan Bastian
Chief United States District Judge

**ORDER GRANTING MOTION TO AMEND; REMANDING TO STATE COURT \* 4**